NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (CBN No. 155505)
Assistant United States Attorney
    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 3383523
    E-mail:   greg.staples@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>DONGFAN CHUNG,<br><br>       Defendant. | No. SACR 08-24-CJC<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER FOR PLACEMENT OF DEFENDANT IN HOME CONFINEMENT |

    The government submits its opposition to defendant Dongfan Chung's motion for transfer to home confinement ("Motion"). (ECF no. 199.)

DATED: April 14, 2020        Respectfully submitted,

                                /s/ *Gregory W. Staples*
                                GREGORY W. STAPLES
                                Assistant U.S. Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant's motion for transfer to home confinement should be dismissed because the Court lacks jurisdiction over the placement of inmates once they are sentenced and in the custody of the Attorney General and the Bureau of Prisons. Congress delegated exclusive authority to the Attorney General over placement of inmates once they are sentenced. Even if the Court were to consider defendant's request, it should be denied because defendant engaged in espionage to betray the country he called home for more than thirty years.

**II.  BACKGROUND**

After conducting a ten-day bench trial, the Court, in July 2009, found defendant guilty of six counts of economic espionage for the benefit of a foreign government in violation of 18 U.S.C. § 1831, one count of conspiracy in violation of 18 U.S.C. § 371, one count of acting as an agent of foreign government in violation of 18 U.S.C. § 951, and one count of making a false statement to federal agents in violation of 18 U.S.C. § 1001. (ECF no. 116.) Defendant was remanded into custody that day. He has served approximately 128 months of his 188 month sentence. His projected release date is November 19, 2022.

The Ninth Circuit affirmed defendant's convictions and sentence, and denied his petition for rehearing en banc.

On March 16, 2020, defendant filed the underlying motion seeking a transfer to home confinement for the balance of his sentence, citing 34 U.S.C. § 60541(g). According to counsel for

1

the Bureau of Prisons ("BOP"), defendant has not requested a transfer to home confinement from the BOP.

Section 60541, as applicable here, directed the Attorney General to develop a pilot program for the release of elderly inmates who meet certain criteria. The statute provides "the Attorney General may release some or all eligible elderly offenders . . . from Bureau of Prisons facilities to home detention upon written request of either the Bureau of Prisons or an eligible elderly offender. . . ." 18 U.S.C. § 60541(g)(1)(B). An "eligible elderly offender" is a BOP inmate who is at least 60 years old, has completed at least two-thirds of his sentence, and was not convicted of certain crimes of violence and other designated types of crimes. 18 U.S.C. § 60541(g)(5)(A).

Defendant is 84 years old and has completed 68% of his sentence. While defendant was not convicted of a crime designated in the statute, his crimes – passing information related to national defense - are virtually the same as espionage statutes, which are listed in the statute. Even if defendant could get a court order for his transfer to home confinement, and he cannot, his crimes should disqualify him from such relief.

### III. ARGUMENT

#### A. The Court Lacks Jurisdiction to Modify Defendant's Sentence

Courts may not modify a sentence once it is imposed unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. United States v. Garza, 2020 WL 1485782*1 (S.D. Cal. March 27, 2020) citing United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). Rule 35 does not apply here, and the

statute invoked by defendant, 34 U.S.C. § 60541, vests authority over the placement of inmates once they are sentenced solely with the Attorney General, and by extension, the BOP.

Congress gave the Attorney General, and by designation the BOP, exclusive authority to determine custody placements, including home confinement. Specifically, the BOP has the authority

> to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this statute.

18 U.S.C § 3624(c). Section 60541, relied upon by defendant, further authorized the Attorney General to waive the requirements of Section 3624 as necessary to provide for "the release of some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention." 34 U.S.C. § 60541(g)(1)(C). The Attorney General, through the BOP, "may release some or all eligible elderly offenders . . . to home detention upon written request of either the Bureau of Prisons or an eligible elderly offender." 18 U.S.C. § 60541(g)(1)(B). By its plain language, Section 60541 confers authority over the transfer of elderly inmates to home confinement with the Attorney General, not with the courts.

The Ninth Circuit has upheld the jurisdiction of the Executive Branch over the placement of prisoners after they are sentenced. "While a judge has wide discretion in determining the

length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011)(citing United States v. Dragna, 746 F.2d 457, 458 (9th Cir.1984) (per curiam) (citations omitted); see also United States v. Williams, 65 F.3d 301, 307 (2d Cir.1995) (same).

Because decisions concerning inmate placement rest with the Attorney General, this Court lacks jurisdiction to grant defendant's Motion.  Accordingly the Motion should be dismissed.

**B.    Defendant Should Serve the Full Sentence Imposed Given the Serious Crimes He Committed**

Even if the Court were to consider the Motion, defendant's request should be denied because of the serious crimes he committed.  As the Court stated in its Memorandum of Decision, defendant was an agent of China for more than 30 years.  Memorandum of Decision, p. 2 (ECF no. 116).  During that time he took sensitive aerospace and military information from his employers and gave it to China to develop its own programs. (Id.)  Defendant used various methods to transfer the information, including diplomatic pouches from the Chinese consulate. (Id.)  Defendant also traveled to China to present briefings using sensitive information he took from Rockwell and later Boeing. (Id.)  During the search of his home, agents found more than 300,000 pages of documents defendant had taken from Rockwell and Boeing. (Id.)  The Court found that defendant violated the trust placed in him to safeguard sensitive information in order "to serve the PRC, which

4

he proudly claimed as his 'motherland.'" (Id.)

Among the crimes that disqualify an elderly inmate from consideration for home confinement are offenses in Chapter 37 of Title 18, namely espionage.  18 U.S.C. § 60541(g)(5)(A)(ii). Section 794 of Title 18 targets the transmitting of "information relating to the national defense."  The technology that defendant gave to China was not stamped classified, which would have triggered espionage charges.  But, as the Court may recall from the trial, the information defendant stole was sensitive, had clear military applications, and was prohibited from export.  Further, the Court may recall that research on sensitive defense systems is often not classified until it is part of an established system in use by the military.  This is because of the costs of trying to conduct research on a secret or top secret level.  There is no question that the technology defendant gave to China was sensitive. The harm defendant caused this country will likely never be fully known.

Congress intended to exclude from transfer to home confinement those inmates who harmed this country by giving national defense information to foreign governments.  That is exactly what defendant did.  His request for a transfer to home confinement should be denied.

**IV.  CONCLUSION**

For the reasons set forth above, the Court should dismiss defendant's Motion.