**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| | ) **Case No.: SACR 08-00024-CJC** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER DENYING DEFENDANT'S** |
| v. | ) **MOTION FOR TRANSFER TO HOME** |
| | ) **CONFINEMENT [Dkt. 199]** |
| **DONGFAN GREG CHUNG,** | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## I.    INTRODUCTION & BACKGROUND

After a ten-day bench trial in June 2009, the Court found Defendant Dongfan Greg Chung, a former spy for the People's Republic of China ("PRC"), guilty of one count of acting as a foreign agent, one count of conspiring to violate the Economic Espionage Act of 1996 ("EEA"), six counts of violating the EEA, and one count of making a false

statement to the Federal Bureau of Investigation ("FBI").  (Dkt. 116 [hereinafter "Memorandum of Decision"].)  On February 8, 2010, the Court sentenced Mr. Chung to a term of 188 months in prison.  (*See* Dkt. 177.)  Mr. Chung is currently serving that sentence at a Federal Correctional Institution in Butner, North Carolina.  Mr. Chung, who is now proceeding *pro se*, filed the instant motion for transfer to home confinement on March 16, 2020.  (Dkt. 199.)  That motion seeks an order permitting him to serve the remaining 60 months of his sentence from his home.  (*Id.*)  For the following reasons, that motion is **DENIED**.

## II.     ANALYSIS

Mr. Chung's motion fails for two reasons.  First, this Court lacks jurisdiction to issue the relief he seeks.  Mr. Chung's motion asks the Court to release him pursuant to 34 U.S.C. § 60541.  Specifically, he contends that—based on his age and the amount of time he has served—he meets section 60541(g)'s definition of an "eligible elderly offender" and therefore, the Court should release him.  This argument is unavailing.  By its plain terms, section 60541 establishes a pilot program that gives the Attorney General discretion to determine whether qualifying elderly offenders should be released to home confinement.  *See* 34 U.S.C. § 60541(g)(1)(A) ("The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders.").  It envisions no role for courts to make eligibility determinations and certainly does not authorize courts to unilaterally release defendants pursuant to the pilot program.  *See United States v. McFadden*, 2020 WL 1322833, at *1 (S.D.N.Y. Mar. 20, 2020) ("[S]ection 60541 by its own terms relates to the *Attorney General* overseeing a prisoner reentry program, and does not enable a Court to decide which prisoners shall be eligible for the program."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to

determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.").

Second, even if section 60541(g) did reserve a role for courts, this Court would find Mr. Chung ineligible for early release based on the seriousness of his underlying crimes.  The elderly offender pilot program expressly disqualifies offenders who were convicted under chapter 37 of Title 18, a portion of the United States code that covers espionage and censorship.  *See* 34 U.S.C. § 60541(g)(5)(A)(ii).  Though Mr. Chung was not charged with any offenses under that specific chapter, at its core, this is an espionage case.  As the Court laid out in detail in its Memorandum of Decision, Mr. Chung was a spy for the PRC for over thirty years.  (*See* Memorandum of Decision at 2.)  During this time, he conspired with numerous Chinese officials to collect proprietary information related to aerospace and military technology.  (*See id.* at 26.)  Specifically, he misappropriated over 300,000 pages of material from his employer, Boeing, and relayed that information to the PRC via mail, sea freight, and through other Chinese agents.  (*Id.* at 26–27.)  On several occasions, he traveled to the PRC to give detailed briefings to PRC officials.  (*Id.* at 2.)  Due to the seriousness of his underlying crimes, Mr. Chung is not the type of defendant that Congress had in mind when it authorized the elderly offender pilot program.  Unless granted relief from the Bureau of Prisons, he must serve out the remainder of his 188-month sentence at a Federal Correctional Institution, not at his home.

//
//
//
//
//
//

**III.   CONCLUSION**

For the foregoing reasons, Mr. Chung's motion is **DENIED**.


DATED:      April 16, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE


cc: Dongfan Greg Chung
REG NO 45436-112
Butner Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 999
Butner, NC 27509